United States District Court
Southern District of Texas
**ENTERED**
May 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICKEY WELCH, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-308 |
| § | |
| JAVIER MURO, § | |
| § | |
| Defendant. § | |

# MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff Rickey Welch, appearing *pro se* and *in forma pauperis* (IFP), has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims in this action that, while he was confined at the McConnell Unit in Beeville, Texas, Defendant Javier Muro used excessive force against him. For the reasons set forth below, the undersigned respectfully recommends that this case be **DISMISSED** without prejudice for failure to prosecute.

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. BACKGROUND

Plaintiff filed this action on September 25, 2018. (D.E. 1). At the time Plaintiff filed his complaint, he was housed at the Estelle Unit in Huntsville, Texas. On

September 27, 2018, Magistrate Judge B. Janice Ellington granted Plaintiff's application to proceed IFP. (D.E. 6). As part of this order, Magistrate Judge Ellington instructed Plaintiff that he was required to notify the Court of any change of address by filing a notice of change of address with the Clerk of Court. (D.E. 6, ¶ 10). Plaintiff was warned that "[f]ailure to file such notice may result in this case being dismissed for want of prosecution." (D.E. 6, ¶ 10).

On September 28, 2018, Magistrate Judge Ellington ordered service of Plaintiff's complaint on Defendant Muro. (D.E. 8). Defendant Muro subsequently filed his answer. (D.E. 10). On February 6, 2019, Plaintiff filed a Notice of Change of Address, indicating that he had been transferred to the Stiles Unit in Beaumont, Texas. (D.E. 12).

On January 29, 2020, the undersigned granted Defendant Muro's motion to extend the time to file dispositive motions. (D.E. 15). The January 29, 2020 Order mailed to Plaintiff, however, was returned as undeliverable with the notation "RTS discharge." (D.E. 16).

On April 3, 2020, Defendant Muro filed a Motion for Summary Judgment. (D.E. 17). The Certificate of Service attached to the summary judgment motion reflects that it was mailed to Plaintiff's address listed on the docket at the Stiles Unit. (D.E. 17, p. 10). Plaintiff's response was due on May 4, 2020. (D.E. 15). However, Plaintiff has not filed a response.

On May 8, 2020, a Clerk's Notice was mailed to the parties, advising them that this case has been referred to the undersigned. (D.E. 18). The Clerk's Notice mailed to Plaintiff was returned as undeliverable with the notation "RTS discharge." (D.E. 19).

Through a telephonic inquiry with the TDCJ, the undersigned has learned that Plaintiff was discharged from TDCJ custody on November 1, 2019.

## III.   DISCUSSION

Plaintiff has not had any contact with the Court since he filed a Notice of Change of Address on February 6, 2019.  (D.E. 12).  Since that date, a Court Order and Clerk's Notice mailed to Plaintiff have been returned as undeliverable because Plaintiff was discharged from custody.  The undersigned has confirmed that Plaintiff was released from TDCJ custody on November 1, 2019.  In addition, Plaintiff has not responded to Defendant Muro's Motion for Summary Judgment filed on April 3, 2020.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order.  Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).  Plaintiff was advised in the September 27, 2018 Order that this action may be dismissed should he fail to update the Court with his current address.  (D.E. 6, ¶ 10).  Plaintiff has failed to comply, and it is apparent that he has abandoned this lawsuit.  The Court, therefore, cannot proceed with Plaintiff's case if he is not willing to participate as a litigant.  Accordingly, dismissal is warranted under these circumstances.

## IV.   RECOMMENDATION

Accordingly, it is respectfully recommended that Plaintiff's lawsuit be **DISMISSED** without prejudice under Rule 41(b) for failure to prosecute.

ORDERED this 29th day of May, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).